Warner
v.
Evens and
Gardner.

JOSHUA WARNER, Assignee of the Sheriff,

Appellant,

*against*

DANIEL EVENS and BENJAMIN GARDNER.

ACTION upon a bail-bond for the liberties of the prison, taken on a commitment upon *mesne process.*

The plaintiff demands in debt, 800 dollars, which the defendants justly owe, and unjustly detain.

Declaring in substance, that on the 11th of *December*, 1797, he prayed out his writ of attachment against the defendant *Evens*, returnable to *Orange* County Court, *June* term, A. D. 1798, and directed to the sheriff of *Bennington* County, or either constable of *Pownal*, in said County. That *Erastus Jewett*, constable of *Pownal*, served the writ on the 21st day of *December*, 1797, by arresting the body of *Evens*, and committing him to *Bennington* County gaol. That *Evens*, being so in the custody of *David Robinson*, Esquire, sheriff of the County, was on the same day admitted by the sheriff to the liberties of the prison; and on that occasion, and to indemnify the sheriff, the defendants executed the bond declared upon.

That on the 28th of *December*, defendant *Evens* escaped, having never paid the debt demanded in the writ, or compromised the suit upon which he was committed, or been in any manner legally liberated or discharged from his imprisonment.

That at *June* term, 1798, *Orange* County, he the plaintiff recovered judgment against *Evens* on de-

To an action for an escape brought by the sheriff's assignee upon a bail-bond executed to the sheriff as chief keeper of the gaol by a prisoner committed on mesne process under the 10th section of the act relating to gaols and gablers, it is no sufficient bar, after an escape, to set forth, that the prisoner remained within the sheriff's bailiwick, and was at all times amenable to the writ of execution, which issued upon the original judgment.

fault for 514 dollars damages, and 13 dols. 74 cts. costs. That he purchased out his writ of execution, and put it into the hands of a proper officer to serve and return, who in due time proceeded to said prison to levy said writ of execution upon the body of the said *Evens ;* but he had escaped as aforesaid, and was not to be found in the custody of the sheriff, within said prison ; whereby the sheriff became liable to pay and satisfy to the plaintiff the said judgment so by him recovered, and was thereby subjected to loss and damage.

That the bond being so forfeited, at his request, in pursuance of the statute, the sheriff, on the 15th *July,* 1798, assigned the same to the plaintiff for the recovery of the penal sum of which bond this action is brought, &c.

And now the defendants in Court, by their attorneys plead and say, that the plaintiff from having and maintaining his said action against them ought to be barred, because they say, that though true it is they made and executed said bond as set forth in the plaintiff's declaration, and the said *Daniel Evens* did go without the liberties of said prison, yet for plea in that behalf they say, that the said *Daniel Evens* was, at the time of the praying out of said writ by the said *Joshua,* and ever since hath been, an inhabitant of the town of *Pownal* aforesaid ; and after the said judgment was rendered against him in favour of the said *Joshua* by *Orange* County Court aforesaid, and before the praying out of said writ, he the said *Joshua Warner* purchased out his writ of execution against the said *Daniel Evens,* on the judgment aforesaid, and repaired with the said writ of execution to the town of *Pownal* aforesaid, and to

the house of the said *Daniel Evens*, and the said *Daniel* then and there desired and requested the said *Joshua Warner* to charge and procure him the said *Daniel Evens* to be arrested on and charged with said writ of execution, and then and there declared, that he was then ready and willing to be charged with said writ of execution, the said writ of execution being then in full life ; but the said *Joshua Warner* then and there did, and always has refused and omitted to charge the said *Daniel Evens* with the said writ of execution, although he the said *Daniel* has been always ready at his residence in *Pownal* aforesaid, to be charged therewith ; by reason whereof the said defendants further say, that the said sheriff, or the said *Joshua Warner*, hath not been damnified, or liable to be damnified, by reason of the said *Daniel's* going without the liberties of the said prison ; and this they are ready to verify, &c. wherefore the defendants pray judgment, &c.

To this plea, plaintiff demurred.

*Chipman*, for the plaintiff. Immediately upon the escape, a right of action accrued to the sheriff, who was answerable for the body.

This mode was instituted to answer in some measure for bail on mesne process, but the mode is different here. Upon the escape, the sheriff was liable and the bondsmen were liable. The sheriff was obliged to assign, and the plaintiff entitled to his action. How is this right purged away ? Can it be done by alleging, that the debtor was within the bailiwick, and might have been charged within the life of the execution. This is no bar to, it is not even a suspension of the right.

Upon the escape, the sheriff could not recommit. In *negligent* escapes the sheriff may make fresh suit, and recapture and recommit, but not in *voluntary* escapes.

The plaintiff had a right to levy his execution on person or property. If he had satisfied his execu-. tion it would have been conclusive against him, but he was not compellable to do either.

Here we contend only for a right. What sum we shall eventually recover will be the subject of assess-' ment of damages.

*Fay, e contra.* The genius of our government abhors the unnecessary confinement of its citizens in prison. Therefore the Legislature have provided, that when a debtor is arrested on mesne process, he .may procure some person as bail for his appearance to respond the final judgment, which may be ren- dered against him. The prisoner then goes at large. When the execution is taken out on the judgment against him, if his body can be taken in execution, or is to be found within the sheriff's bailiwick, the bail is exonerated. If a *non est* is returned by the officer upon the execution, a *scire facias* must be taken out against the bail, and he may avoid a judg- ment against himself by surrendering his principal into Court, and paying the costs to the time of such surrender. Such is the benign spirit of our laws.

But it seems a case might arise, where the debtor not procuring bail in time upon the arrest, is com- mitted to close prison.

The Legislature meant to apply in their fullest ex- tent the same benevolent provisions of the law to this case, and have enacted, " that any person imprisoned

in gaol on *mesne* process, in any civil action, shall have the same privilege of the liberties of the prison, as in case he had been committed on execution."

*Vermont* Stat.
vol. 1. p. 283.
c. xxviii. s. 10.
act relating to
gaols and gaol-
ers, &c. passed
*March* 9, 1797.

What is the spirit and design of this act? Is it not in strict consonance with the provisions of the act in case of bail upon arrest upon mesne process? Is it not merely to secure the body of the debtor to appear in the life of the execution? Was it necessary to effect this, to require more of the surety in a bail-bond for the liberties of the prison, than was required of bail on the arrest? The bail on an arrest might permit his bailee to go free, and rely on his word to be forthcoming upon the issuing of the execution— shall not the bail for the liberties have the same right? both being equally and alone answerable, in the event of a *non est* or inability to surrender him in Court.

What injury has the plaintiff sustained? He attached the body to respond on a judgment he might recover. He purchased out his writ of execution, and he found the body arrested within the bailiwick, ready to be charged with it. Has he then been damnified by this escape?

That we have given a sound construction to the statute, is put beyond doubt by the explanatory act passed the last sessions of the General Assembly: " Whereas doubts have arisen on the construction of the 10th and 11th sections of the act relating to gaols and gaolers, &c. passed *March* 9, 1797, which to explain, it is enacted in substance, that such bail shall have the same privileges as bail signing on the back of an attachment without commitment."

*Nathaniel Chipman*, in reply. The explanatory act does not go so far as to do away the right of action

on the bond, but only provides, that the " bail shal have the same privilege of exonerating himself by delivering up the principal, as the bail signing on the back of the attachment, without commitment."

The question is not, whether *Gardner* the surety shall deliver up *Evens* the principal on payment of costs; but by the pleadings it is, whether the bond be forfeited or not.

## Opinion of the Court.

The question submitted by the pleadings is simply whether the bond be forfeited or not. The defendants contend that it is not forfeited, because the defendant *Evens* was within the sheriff's bailiwick, and amenable to the writ of execution, which the plaintiff declined charging him with. This subject matter of the plea in bar does not meet the allegations of the declaration, nor does it exhibit a justification for the escape. If the Court should give the same construction to the 10th and 11th sections of the act relating to gaols and gaolers, and for the relief of persons imprisoned therein, as is given by the explanatory act of *November*, 1801, the bond would still be considered as forfeited by the escape; for under that act no advantage can be taken by the obligors in avoidance of the bond, in any other mode than that therein prescribed, to wit, by the surety's surrendering the principal in Court.

The plea in bar is therefore considered to be insufficient; but on the chancery of the bond a question may perhaps be made, whether the surety may

3

not then surrender his principal, upon payment of costs. *

Warner<br>v.<br>Evens and<br>Gardner.

*Nathaniel Chipman*, for plaintiff.
*David Fay*, for defendant.

---

\* *Note.* At *Manchester February* term, 1803, in this County, the defendant *Gardner*, as surety, had, on motion, leave to surrender his principal *Evens* into Court upon payment of costs, and the Court chancered the penalty of the bond to one cent, and ordered *Daniel Evens* into the custody of the sheriff, to be kept fifteen days, that the plaintiff might charge him with the execution on his original judgment.

*Vermont* Stat.<br>vol. 1. p. 68.